**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Melissa R., Travis G., Defendants,

Of Whom Melissa R. is the Appellant.

In the interest of a child under the age of 18.

Appellate Case No. 2011-200628

---

Appeal From Cherokee County
Phillip K. Sinclair, Family Court Judge

---

Unpublished Opinion No. 2012-UP-442
Submitted July 2, 2012 – Filed July 18, 2012

---

**AFFIRMED**

---

Paul C. MacPhail, of MacPhail Law Firm, LLC, of Spartanburg, for Appellant.

Beth Ramsey Faulkner, of Brice Law Firm, LLC, of York, for Respondent.

---

**PER CURIAM:**  Melissa R. (Mother) appeals the family court's permanency planning order requiring the South Carolina Department of Social Services to initiate termination of parental rights proceedings against Mother for her minor child (Child).  We affirm.[1]

On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 415, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 388, 709 S.E.2d at 653.  The burden is upon the appellant to convince this court that the family court erred in its findings.  *Id.* at 391, 709 S.E.2d at 655.

"In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence." *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This broad scope of review does not, however, require the appellate court to disregard the findings of the family court." *Id.*  "This degree of deference is especially true in cases involving the welfare and best interests of a minor child." *Id.* at 62, 624 S.E.2d at 652.

South Carolina's policy is "to reunite the child with his family in a timely manner" and restore the family unity if possible.  *S.C. Dep't of Soc. Servs. v. Mother*, 396 S.C. 390, 399, 720 S.E.2d 920, 924 (Ct. App. 2011) (citation and quotation marks omitted).  A permanency planning hearing shall be held to determine whether the child can be reunited with the family or an alternative permanency plan should be adopted.  S.C. Code Ann. § 63-7-1700(C) (Supp. 2011).  "[I]f the [family] court determines at the permanency planning hearing that the child should not be returned to the child's parent at that time, the [family] court's order shall require [DSS] to file a petition to terminate parental rights to the child not later than sixty days after receipt of the order." S.C. Code Ann. § 63-7-1700(E) (Supp. 2011).

We find the preponderance of the evidence supports the family court's order requiring DSS to initiate termination of Mother's parental rights.  Although Mother made substantial progress in her treatment plan, concerns existed over Mother's ability to parent Child. Carrie Gilfillen, a DSS Employee, testified Mother continued to demonstrate inappropriate parenting skills with Child, had unrealistic

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

expectations for Child's development, and made inappropriate comments around Child. Both Cerrita Brewer, another DSS Employee, and Gilfillen testified they would be concerned if Child was returned to Mother. Gilfillen also stated she believed Child would be in danger if returned to Mother. Tony Perdomo, Mother's counselor, indicated his concerns about Mother caring for Child without continued counseling for at least six months. Consequently, it does not appear that Mother is capable of providing appropriate care for Child.

Moreover, we find the family court did not err in not extending the reunification plan. At the time of the hearing, Child had been in foster care for fourteen months. Perdermo testified Mother would need at least six more months of counseling. Furthermore, Gilfillen testified Mother has not changed her parenting skills. Thus, even if the family court believed a concurrent reunification plan was appropriate, the evidence in the record indicates that Mother would be unable to remedy the conditions that warranted the removal within the eighteen-month statutory period. Thus, the family court could not properly order an extension of the reunification plan. *See* S.C. Code Ann. § 63-7-1700(F) (Supp. 2011) ("If the court determines that the criteria in subsection (D) are not met but that the child may be returned to the parent within a specified reasonable time not to *exceed eighteen months after the child was placed in foster care*, the court may order an extension of the plan approved . . . or may order compliance with a modified plan, but in no case may the extension for reunification continue beyond eighteen months after the child was placed in foster care." (emphasis added)).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**